S10Y0109, S10Y0268, S10Y0269. IN THE MATTER OF WILLIAM F. HINESLEY III (three cases).

(701 SE2d 156)

PER CURIAM.

These matters are before the Court on three Notices of Discipline filed by the State Bar against Respondent William F. Hinesley III (State Bar No. 356360) charging him with violating Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16, 5.5 (a), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and recommending that the Court disbar Hinesley. A violation of Rules 1.3, 1.15 (I), 5.5 (a), and 8.4 (a) (4) may be punished by disbarment; violation of the other rules charged may be punished by a public reprimand. Hinesley was personally served with the Notices of Discipline but did not file a Notice of Rejection with regard to any of them. Accordingly, he is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b).

By virtue of his default Hinesley admits that after he settled a client's personal injury case for $25,000, he delivered a check to the client for $3,000, but failed to provide a settlement statement or an accounting regarding the use of the funds. Additionally he failed to pay third-party medical providers, even though he falsely told the client he had paid them. He also commingled the settlement funds with his own and converted the settlement funds to his own use. He failed to communicate with the client, and although personally

served with the Notice of Investigation, he failed to respond.

He also admits that he was retained to represent a client in an adversary proceeding filed against the client in a bankruptcy case. Hinesley filed an answer on the client's behalf but failed to file the client's portion of the consolidated pre-trial order despite the bankruptcy court's order, did not respond to the opposing party's attorney with regard to the pre-trial order, and told his client he had filed it, but did not file his portion until after the bankruptcy court ordered him to do so. Thereafter, Hinesley failed to communicate with his client and failed to respond to the Notice of Investigation issued and personally served in connection with this matter. Additionally, after failing to respond to the Notice of Investigation, he was placed on Interim Suspension, but he continued to actively engage in the practice of law on behalf of other clients in the bankruptcy court.

We have reviewed the record and agree that the appropriate sanction in these matters is disbarment. Accordingly, we hereby order that the name of William F. Hinesley III be stricken from the rolls of attorneys licensed to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.